[952 NYS2d 170]

In the Matter of Nikia L. Way (Also Known as Nikia Lynne Way), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 11, 2012

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Nikia L. Way was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 2009. At all times relevant to this proceeding respondent has maintained businesses within the First Judicial Department. Respondent, pro se, has not appeared in this proceeding.

By notice of motion dated June 14, 2012, the Departmental Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of this Court due to her failure to cooperate with the Committee's investigation of professional misconduct which threatens the public interest.

The Committee opened an investigation into respondent's professional conduct after receiving a letter dated October 19, 2011, from United States District Judge for the Southern District of New York Denise Cote. Judge Cote explained that respondent, who represented the plaintiff in *Lonnie Phillips v Social Security Admin.* (11 CV 83), had failed to respond to her chambers' repeated efforts to contact her, failed to attend a mediation session, and failed to appear for a pre-trial conference.

In a November 8, 2011 letter to the Committee, Julia Ford alleged that she retained respondent in August 2010 and, despite numerous attempts, she could not reach respondent. She believed respondent had abandoned her legal matter, particularly when she discovered that respondent's phone was disconnected and her office was closed. By letter dated November 21, 2011, Michelle Hacker made almost identical allegations as Julia Ford against respondent.

In November 2011, the Committee sent four separate letters to respondent regarding the complaints, requesting an answer from respondent within 20 days. All of these letters were mailed

first class and returned to the Committee either "Attempted-Not Known" or "Not Deliverable as Addressed."

Eventually, on January 17, 2012, a Committee investigator spoke by telephone with respondent and she provided her home address in Brooklyn as her new mailing address. A letter was sent and respondent was given until February 27, 2012 to answer the complaints. Respondent failed to answer, and on March 5, 2012 another letter was sent, which also directed respondent to case law suspending attorneys for failure to cooperate. Again, respondent did not respond nor contact the Committee for an extension. On March 22, 2012, the Committee sent another letter to respondent's home address and also to her business address, which she updated on or about March 16, 2012. This letter requested an answer to all three complaints within 10 days. Respondent did not respond nor did she contact the Committee.

Five months after the Committee first wrote respondent, it received an answer from her with respect to all three complaints. Respondent stated that there had been a "misunderstanding" and a "miscommunication" with a certain attorney who she had arranged to take over the cases; that she apologized and accepted full responsibility; and that she issued full refunds to all three clients (and attached copies of money orders). She also advised that she no longer was in private practice, rather, she worked for "Special Counsel" for the last year, and, therefore, was no longer able to handle the three client matters. Respondent, however, did not explain why no one, including her clients, knew about the cases being transferred to new counsel, and she did not address her failure to return phone calls from, among others, Judge Cote's chambers.

On April 23, 2012, this Court issued a subpoena duces tecum directing respondent to produce the three client files and to appear on May 9, 2012 to give testimony. On May 2, 2012, respondent left a voicemail message for the Departmental Disciplinary Committee investigator stating that she could not comply with this Court's subpoena because her apartment had been burglarized the previous year and the subpoenaed case files had been stolen. In response, by letter dated May 2, the Committee informed respondent that despite her lack of documents, the subpoena still required her appearance and requested that she bring any documentation regarding the claimed burglary. The certified letter receipt sent to her business address was signed for and returned to the Departmental Disciplinary Committee.

Notwithstanding this correspondence, respondent did not appear for her deposition or otherwise contact the Committee. That day the Committee wrote respondent regarding her failure to appear and informed her that if she did not contact the Departmental Disciplinary Committee by May 18 to reschedule her appearance, an interim suspension may be filed against her. The letter sent first class to Special Counsel was returned marked "Attempted-Not Known Unable to Forward" and the certified letter also sent to her business was refused and returned to the Committee. On May 15, the Departmental Disciplinary Committee investigator asked Special Counsel about the returned mail and was told that the business told the Post Office that they would no longer accept mail on respondent's behalf. In addition, respondent gave Special Counsel permission to provide her Brooklyn home address to anyone trying to locate her.

On May 15, 2012, the Committee sent another letter to respondent's home advising, among other things, that if she did not contact the Departmental Disciplinary Committee by May 23 to reschedule her deposition an interim suspension may follow and asking for an alternative mailing address, since she never responded to any correspondence the Committee had sent to her Brooklyn address. The return receipt was signed for on May 16 and returned to the Committee. Respondent did not respond to this letter.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such finding may be based upon "(i) the attorney's default in responding to the petition or notice, or the attorney's failure. . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1]).

Despite being served with this motion by first class mail and certified mail, return receipt requested at respondent's home address, she has defaulted on this motion. Respondent is fully aware of this investigation and has been repeatedly advised about the consequences of her failure to cooperate, yet, she has effectively thwarted the Committee's investigation by failing to appear and produce relevant files and documents as directed by this Court's subpoena and letters from the Committee (*Matter*

*of Maruggi*, 87 AD3d 201 [1st Dept 2011]; *Matter of Bautista*, 78 AD3d 75 [1st Dept 2010]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until further order of this Court.

ACOSTA, J.P., RENWICK, DEGRASSE, FREEDMAN and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.